BRYANT, Judge,
dissenting.
In vacating the trial court’s judgment entered upon defendant’s guilty plea and directing entry of an order allowing defendant’s motion to suppress, the majority states that in issuing the 22 September 2010 DVPO order, the district court “exceeded its statutory authority by ordering a general search of the defendant’s person, vehicle, and residence for unspecified ‘weapons’ as a provision of the ex parte DVPO under .... § 50B-3(a)(13).” Because I believe the district court acted within its statutory authority, I respectfully dissent.
Pursuant to North Carolina General Statutes, section 50B-3,
(a) If the court... finds that an act of domestic violence has occurred, the court shall grant a protective order .... A protective order may include any of the following types of relief: . . . (13) Include any additional prohibitions or requirements the court deems necessary to protect any party or any minor child.
N.C. Gen. Stat. § 50B-3(a)(13) (2013).
In its 22 September 2010 DVPO, the Mecklenburg County District Court ordered law enforcement officers to “search the Defendant’s person, vehicle and residence and seize any and all weapons found.” The majority goes to great length to explain why it deems the general authority authorized by section 50B-3(a)(13) not broad enough to support the order. Specifically, the majority relies upon section 50B-3.1(a) as providing a limitation to the authority conferred to the court in section 50B-3(a) (13) by statutory construction rule to read statutory provisions in pari materia. However, the authority conferred in General Statutes section 50B-3(a)(13) is broader than that of section 50B-3.1. Where section 50B-3.1 provides a procedure for initially determining the likely existence of firearms and the surrender and disposal of firearms, section 50B-3(a) (13) authorizes a trial court to include in its protective orders “any •. . . *94 prohibitions or requirements the court deems necessary to protect any party or any minor child.” N.C.G.S. § 50B-3(a)(13).
In addressing whether the 22 September 2010 DVPO order was proper, the trial court made the following findings of fact:
The domestic violence [protective] order was issued based on a finding by that Court that the defendant had threatened the plaintiff and that the defendant had threatened to get some gasoline and torch their son’s preschool, her house, the plaintiff, and her sister’s house and also stated that I’m going to get all of you and that "You won’t f**king stop me, the police won’t Peking stop me.”
The findings of fact also include the finding that the defendant had a history of substance abuse and mental illness and that the defendant also made threats to anyone attempting to go into the marital residence.
As noted, there was certainly probable cause to search incident to the lawful arrest for communicating threats, which was not considered by the trial court as a basis for the denial of the motion to suppress; likewise, the State did not argue that the search incident to service of the arrest warrant provided an additional basis. So, I will not further address it.
However, because the district court had authority to order the search of defendant’s residence in its 22 September 2010 DVPO pursuant to section 50B-3(a)(13), the law enforcement officers acted properly in response to that authority such that the resulting search and seizure of contraband was proper. For this reason, I would affirm the order •of the trial court denying defendant’s motion to suppress the seizure of contraband from defendant’s residence due to said search and leave undisturbed the trial court’s judgment entered pursuant to defendant’s plea of guilty to the charges of manufacturing marijuana and possession of drug paraphernalia.